IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: BOSTON SCIENTIFIC CORP.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION                              MDL NO. 2326

———————————————————————————————————————

THIS DOCUMENT RELATES TO:

*Nelson v. Boston Scientific Corp.*                   Civil Action No. 2:12-cv-9423

**MEMORANDUM OPINION & ORDER**

Pending before the court is plaintiff's Motion to Set Aside Judgment [ECF No. 14]. Boston Scientific Corp. ("BSC") has responded, and the plaintiff has replied. Thus, the motion is ripe for review. For the reasons stated below, the plaintiff's Motion to Set Aside Judgment is **DENIED**.

**I.**

This case resided in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the seven MDLs, there are nearly 75,000 cases currently pending, approximately 20,000 of which are in the BSC MDL, MDL 2326.

Pursuant to Pretrial Order ("PTO") No. 16, each plaintiff is required to submit a completed Plaintiff Profile Form ("PPF") to BSC within 60 days of filing a Short Form Complaint. PTO No. 16 at ¶ 1b, MDL 2326 [ECF No. 211]. PTO No. 16 further provided that "[i]f a plaintiff does not submit a PPF within the time specified in this

Order, defendants may move immediately to dismiss that plaintiff's case without first resorting to…deficiency cure procedures." *Id.* at ¶ 1g.

In the present case, the plaintiff filed her Short Form Complaint in this MDL on December 20, 2012. Pursuant to PTO No. 16, her PPF was due to BSC by February 18, 2013. On April 5, 2016, BSC filed a Motion to Dismiss the plaintiff's case because BSC alleged that it had not received the plaintiff's PPF, which was at that moment 1142 days late. The plaintiff did not respond to BSC's motion to dismiss. Despite the plaintiff's failure to respond, on April 26, 2016, I entered an order ("First Order") granting the plaintiff an additional 30-day period in which she could submit her PPF to Boston Scientific [ECF No. 9]. In the First Order, I also warned the plaintiff that failure to comply within this 30-day period may result in dismissal upon motion by BSC.

Fifty days later, on June 14, 2016, BSC again moved to dismiss the plaintiff's case for failing to provide her PPF pursuant to PTO No. 16 and the court's First Order [ECF No. 10]. Again, the plaintiff did not respond. For continuing to disregard this court's orders regarding the transmission of PPFs to BSC, I granted BSC's motion to dismiss and dismissed the plaintiff's case without prejudice. Mem. Op. & Order [ECF No. 11] ("Second Order").

On August 17, 2016, four months after BSC filed its first motion to dismiss, the plaintiff filed a motion to set aside judgment, claiming either that BSC was incorrect and the plaintiff properly submitted her PPF back in 2013 or, at least, that

2

the plaintiff and her counsel erroneously believed that they had properly submitted the plaintiff's PPF to BSC in 2013.

## II.

"Federal Rule of Civil Procedure 60(b) authorizes a district court to grant relief from a final judgment for five enumerated reasons or for 'any other reason that justifies relief.'" *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011) (internal citations omitted). The five enumerated reasons for relief from final judgment under Rule 60(b) are: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence not available at trial; (3) fraud; (4) a void judgment; (5) judgment has been satisfied or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). The sixth "catchall" reason "may be invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)." *Aikens*, 652 F.3d at 500. Furthermore, the Fourth Circuit has required that "[i]n all cases, a Rule 60(b) movant must act in a timely fashion, must demonstrate a lack of prejudice to the non-movant, and must proffer a meritorious defense." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir. 1988).

## III.

In the instant motion, the plaintiff moves to set aside this court's dismissal of her case without prejudice pursuant to Rule 60(b)(1) or 60(b)(6) of the Federal Rules of Civil Procedure. In the motion to set aside judgment, the plaintiff claims that she submitted the plaintiff's PPF "on or about January 22, 2013." Pl.'s Mot. to Set Aside

Judgment ("Pl.'s Mot.") 2 and 5 [ECF No. 14]. The plaintiff, however, does not provide any documents or evidence demonstrating that her PPF was actually sent to BSC on either of these dates. Further, BSC emphatically denies that it ever received the plaintiff's PPF during this time.

Alternatively, the plaintiff's counsel claims that they erroneously believed that they had submitted the plaintiff's PPF to BSC. I note that the plaintiff and her counsel had three opportunities in which they were called upon to explain this situation over the course of three months and they failed to respond.[1] The plaintiff's counsels' only excuse for failing to respond to these opportunities is that: "[c]ounsel with pelvic mesh cases filed before this Court can receive hundreds of ECF filings in a single day. For example, on August 16, 2016, I received 66 pelvic mesh notifications via ECF." Pl.'s Mot. 6 [ECF No. 14].

### A. Rule 60(b)(1)

The plaintiff first argues that judgment must be vacated due to "mistake, inadvertence, surprise, or excusable neglect" pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 60(b)(1). The plaintiff claims that BSC *mistakenly* filed two motions to dismiss, because the plaintiff believes BSC received her PPF. Further, the plaintiff argues that she was "genuinely surprised" to learn that her case had been dismissed. Finally, the plaintiff argues that even assuming her PPF never reached BSC, such a mistake was "excusable neglect." None of these

---

[1] The plaintiff's PPF issues could have been properly addressed by the plaintiff and her counsel: (1) after BSC filed its first Motion to Dismiss, (2) after I entered the First Order, granting the plaintiff a thirty-day extension to submit her PPF to BSC, and (3) after BSC filed its second Motion to Dismiss and before I dismissed the plaintiff's case.

4

arguments warrants overturning my judgment pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure. *See, e.g., Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 413 (4th Cir. 2010) ("A party that fails to act with diligence will be unable to establish that his conduct constituted excusable neglect pursuant to Rule 60(b)(1)."); *see also Wilson v. Thompson*, 138 Fed. App'x. 556, 557 (4th Cir. 2005) (Denying Rule 60(b)(1) motion where sole reason asserted for relief was counsel's failure to note entry of dismissal).

### B. Rule 60(b)(6)

If the court cannot find grounds under Rule 60(b)(1) to set aside judgment, the plaintiff argues that judgment should be set aside "in the interest of justice" pursuant to the catch-all provision of Rule 60(b)(6) of the Federal Rules of Civil Procedure. According to plaintiff's counsel, "the interests of justice demand that Ms. Nelson's voice be heard in a court of law rather than snuffed out by the machinations of a blind bureaucracy." Pl.'s Mot. 8 [ECF No. 14].

The plaintiff's case was dismissed after repeated failures to respond to court orders pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure, which provides certain sanctions, including dismissal, for failing to comply with the court's discovery orders. As the Supreme Court has stated, "the most severe in the spectrum of sanctions…must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642–43 (1976). The

Supreme Court's reasoning is even stronger in the context of this litigation. As the court noted above, this case is one of approximately 20,000 in the BSC MDL. Furthermore, this court is responsible for approximately 72,000 cases in all of the transvaginal mesh MDLs. As the court noted in the First Order, "[t]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution." *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006) ("emphasizing the "enormous" task of an MDL court in "figur[ing] out a way to move thousands of cases toward resolution on the merits while at the same time respecting their individuality"). The court provided numerous opportunities over the span of several months for the plaintiff and her counsel to resolve this PPF issue with BSC. Plaintiff's counsel, however, was apparently preoccupied with other matters. *See In re Engle Cases*, 767 F.3d 1082, 1087 (2014) ("[A] lawyer's responsibilities to the court are not diluted even by an ocean of claims."). Despite the court's busy docket, this "blind bureaucracy" was able to consider and decide BSC's several motions to dismiss in a timely fashion, while plaintiff's counsel failed to even respond. The plaintiff does not demonstrate an adequate reason to set aside judgment. Accordingly, the plaintiff's Motion to Set Aside Judgment is **DENIED**.

## IV.

For the reasons stated above, it is **ORDERED** that the plaintiff's Motion to Set Aside Judgment [ECF No. 14] is **DENIED**. It is further **ORDERED** that plaintiff's

6

counsel send a copy of this Order to the plaintiff via certified mail, return receipt requested, and file a copy of the receipt.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 16, 2016

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE